IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | Criminal No. 09-225 |
| v. | Civil No. 16-987 |
| DAVID McCLOSKEY. | |

**MEMORANDUM OPINION**

Conti, Chief District Judge.

## I. Introduction

Defendant David McCloskey ("McCloskey") filed a motion, through counsel, to vacate his conviction and/or sentence pursuant to 28 U.S.C. § 2255 (ECF No. 149), with numerous exhibits and brief in support (ECF Nos. 150, 151). McCloskey alleges ineffective assistance by two of his former attorneys, Michael DeRiso ("DeRiso") and James Robinson ("Robinson").[1] The government filed a response in opposition to the motion and McCloskey filed a reply brief (ECF Nos. 153, 155). The motion is ripe for disposition, except for one matter on which the court must hold an evidentiary hearing.

## II. Factual and Procedural Background

On July 14, 2009, a federal grand jury returned a one-count indictment charging McCloskey with Conspiracy to Commit Wire Fraud, a violation of 18 U.S.C. § 1349. (ECF No. 1.) On June 8, 2010, defendant pleaded guilty to the offense. (ECF Nos. 28.) There was no plea agreement. During the plea hearing, McCloskey agreed with only part of the government's factual basis for the conspiracy charge. McCloskey admitted that he knew Kenneth Cowden

---

[1] McCloskey does not allege ineffective assistance by his third attorney, Martin Dietz.

("Cowden") was not a licensed appraiser, but did not concede that he hired Cowden to perform inflated appraisals. McCloskey acknowledged that the factual statements he agreed with "satisf[y] the elements of wire fraud." (Plea Hr'g Tr. at 17–20, ECF No. 78.) The court questioned McCloskey thoroughly to confirm that McCloskey knew that he could be sentenced to the statutory maximum of 20 years in prison and would be bound by his guilty plea even if his counsel made a mistake in advising him regarding the likely sentence. The court accepted defendant's entry of a guilty plea as knowing and voluntary. (*Id.* at 20–21.)

The sentencing process was extensive and extended for over three years. The parties vigorously disputed numerous sentencing issues, most notably, the relevant conduct and amount of loss the government sought to attribute to McCloskey.[2] The court held an evidentiary hearing on March 19 and 20, 2012, to determine the correct application of the sentencing guidelines in this case.

On May 22, 2012, attorney DeRiso filed a motion on behalf of McCloskey to withdraw his guilty plea. (ECF No. 83.) In support of the motion to withdraw his guilty plea, McCloskey executed an affidavit in which he made the following sworn representations to the court: "That I have read the entirely [sic] of this motion and assert that each factual matter stated therein is true and correct to the best of my knowledge, information and belief," and "I assert that I am innocent of the offense charged in the Indictment." (ECF No. 83-1 ¶¶ 2, 5.) McCloskey acknowledged that his affidavit was made subject to the criminal penalties for perjury. (*Id.*) The affidavit was signed by McCloskey and witnessed by DeRiso. On June 5, 2012, the government opposed the motion to withdraw the guilty plea, and noted that it "now objects to any reduction based on acceptance

---

[2] McCloskey contended his responsibility should be limited to thirteen or fourteen loans within the post-2004 indictment period leading to an amount of loss of $33,000. The government initially sought to hold McCloskey responsible for the actions of more than a dozen mortgage brokers, with an amount of loss in excess of $7,000,000. (*See* ECF No. 119.)

2

of responsibility and intends to assert that the two-level obstruction of justice enhancement applies." (ECF No. 84 at 10 n.7.)

The hearing on the motion to withdraw the guilty plea was postponed several times. In August 2012, DeRiso filed a motion to withdraw as counsel and McCloskey filed a parallel motion to remove DeRiso as his attorney. (ECF Nos. 95, 96). On September 4, 2012, the court held a hearing. (ECF No. 144.) DeRiso informed the court that the impasse with McCloskey arose over how to handle the motion to withdraw his guilty plea. (*Id.* at 5). Upon questioning from the court, DeRiso explained that the dispute was not over whether the motion should have been filed, that he was competent to handle it and had no problem doing so, and that the allegation was in good faith and founded. The dispute instead involved strategy – who should be called as witnesses, what evidence should be produced, and how the hearing should proceed. (*Id*. at 5-6.) McCloskey also presented his criticisms and concerns regarding DeRiso's representation to the court. (*Id*. at 6-10.) Because McCloskey's accusations of ineffective assistance of counsel created a conflict of interest, the court granted the motions and terminated DeRiso's representation. On September 14, 2012, Robinson was appointed as McCloskey's attorney.

On January 2, 2013, the court held a hearing on the motion to withdraw the guilty plea. When Robinson called DeRiso to testify as a witness, the government sought to clarify the record regarding McCloskey's waiver of the attorney-client privilege and the government's intent to pursue perjury charges. (ECF No. 150-8 at 7-17.) After conferring with attorney Robinson, defendant abandoned the motion to withdraw his guilty plea. (*Id.* at 17.)

On June 6, 2013, attorney Martin Dietz ("Dietz") was appointed as McCloskey's counsel and Robinson withdrew his appearance. On November 26, 2013, the court found that the

3

statements McCloskey made in the affidavit in support of his motion to withdraw his guilty plea directly contradicted his knowing and voluntary admission in open court, under oath, that he committed the offense charged in the indictment. (ECF No. 119 ¶ 18.) Based on the filing of the motion to withdraw guilty plea and the attached affidavit, the court imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and denied the two-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) in determining the advisory guideline range. (ECF No. 119 at ¶¶ 70-83.)

The guidelines considered by the court in imposing the sentence for McCloskey were based on offense level 37 and criminal history category I, for an advisory range of 210-262 months (but capped at the statutory maximum of 240 months). Without the adjustments resulting from the motion to withdraw the plea and affidavit, McCloskey's offense level would have been 33 and criminal history category I, for an advisory guideline range of 135-168 months. The court granted a downward variance and sentenced McCloskey to a term of imprisonment of 120 months.

McCloskey pursued a direct appeal. His conviction and sentence were affirmed in a nonprecedential opinion filed on April 8, 2015. (ECF No. 146-2.) In relevant part, the court of appeals stated: (1) "The District Court questioned McCloskey thoroughly regarding his potential sentence noting that he could be sentenced to the statutory maximum for his offense, which was 20 years in prison," *id.* at 3; (2) the district court explicitly confirmed that McCloskey would be bound by his guilty plea and have no right to withdraw it, even if his counsel made a mistake in advising him regarding the likely sentence, *id.*; (3) the district court properly considered pre-2004 actions as "relevant conduct," *id.* at 5; (4) McCloskey does not deny that the sworn statements in his affidavit (in support of the motion to withdraw his guilty plea) were false and

4

his assertions of "confusion" and "fear" fail, *id.* at 8; (5) a defendant who perjures himself in an attempt to withdraw his guilty plea obstructs justice and thus, the district court did not err in applying this enhancement, *id.*; and (6) McCoskey was commended for abandoning his motion to withdraw his guilty plea, *id*. at 9. The court of appeals held that the district court properly applied an enhancement for obstruction of justice and properly denied credit for acceptance of responsibility. *Id.*

McCloskey filed this § 2255 motion on June 30, 2016. It is timely pursuant to 28 U.S.C. § 2255(f)(1), because it was filed within one year of July 7, 2015, the date McCloskey's conviction became final (90 days after the court of appeals' decision, when his right to file a petition for certiorari to the Supreme Court expired).

**III.   Legal Analysis**

McCloskey articulated numerous alleged deficiencies of counsel. McCloskey contends that DeRiso (1) failed to investigate the case and obtain discovery; (2) failed to research and advise him regarding conspiracy; (3) failed to safeguard him from the government's theory of loss; (4) failed to advise him about the ramifications of an "open" plea; (5) failed to advise him of sentencing enhancements; (6) failed to explain the concept of "relevant conduct"; (7) failed to preserve objections to the presentence investigation report ("PSI"); (8) failed to rebut the government's theory of loss; (9) failed "to understand explaining the implications of filing a Motion to Withdraw Plea agreement and advising Petitioner of potential impact on his sentence"; (10) failed "in advising Petitioner to sign a sworn affidavit filed with the Court professing innocence after statements had been made to the FBI and after a guilty plea had been entered before the Court"; and (11) failed "to file a proper motion to withdraw a guilty plea with legally

sufficient support, and attaching an affidavit wherein Petitioner essentially rebuts prior sworn testimony." (ECF No. 151 at 7-8.)

McCloskey contends that attorney Robinson: (1) failed to research the implications of pressing forward with the motion to withdraw his guilty plea; (2) failed to advise him of the impact if the motion to withdraw guilty plea were denied; and (3) failed to object to sentencing issues.

A. <u>Standard of Review</u>

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court reads § 2255 as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under §

2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and... present[s] exceptional circumstances where the need for the remedy afforded by the writ...is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

A district court is required to hold an evidentiary hearing on a § 2255 motion if "the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). "[T]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.* at 545.

To support a claim that counsel's assistance was so defective as to amount to a deprivation of one's Sixth Amendment right to effective assistance of counsel and require reversal of a conviction, a defendant must show two things: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused him prejudice. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see Ross v. Dist. Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012).

"To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. . . The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ross*, 672 F.3d at 210 (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). When evaluating whether counsel's performance was deficient, the relevant inquiry is whether counsel's assistance was reasonable under the totality of the circumstances. *Strickland*, 466 U.S. at 688.

"The Supreme Court directs that our 'scrutiny of counsel's performance must be highly deferential' to avoid holding counsel incompetent because of reasonable strategic or tactical judgments which, with the benefit of tactical hindsight, might prove not to have best served his client's interests." *United States v. Loughery*, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (quoting *Strickland*, 466 U.S. at 689). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." *Id.* at 681. "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different . . . strategy would have fared better." *Roland v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006).

In the context of criminal defense, "certain litigation decisions are considered 'fundamental' and are for the client to make. These include decisions on whether to plead guilty, whether to testify, and whether to take an appeal. After consultation with the client, all other decisions fall within the professional responsibility of counsel." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

"With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104. It is not enough to show that counsel's errors had "some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693).

The right to effective assistance of counsel extends to plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The performance prong requires a defendant to show that

counsel's representation during the plea bargaining process fell below an objective standard of reasonableness. *Id.* at 163. To show prejudice in the context of a guilty plea, a defendant must show the outcome of the plea process would have been different with competent advice. *Id.* In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the Supreme Court explained that determining prejudice in guilty plea cases will often require a prediction as to the outcome of a trial.

As both deficient performance and prejudice must be demonstrated to support a claim of ineffective assistance, the absence of one negates the need to address the other. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). A court, therefore, need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Marshall v. Hendricks*, 307 F.3d 36, 87 (3d Cir. 2002) (citing *Strickland*, 466 U.S. at 697)); *see McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993), *cert. denied*, 510 U.S. 1028 (1993) ("Indeed, this Court has read *Strickland* as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant.") (internal quotations and citations omitted). By the same token, where a defendant fails to prove the unreasonableness prong of *Strickland*, a court need not reach the prejudice prong. *Werts v. Vaughn*, 228 F.3d 178, 224 n.24 (3d Cir. 2000).

B. <u>Alleged misconduct by DeRiso related to the guilty plea and PSI</u>

Allegations (1) through (8) against DeRiso will be denied. There was no prejudice to McCloskey arising from DeRiso's alleged errors prior to his entry of a guilty plea. As the court of appeals recognized, this court conducted a thorough colloquy before accepting McCloskey's guilty plea as knowing and voluntary. The disputes in this case did not involve guilt, but sentencing. As

9

the government points out, there was never a possibility of a plea agreement because the parties' were so far apart on the amount of loss. In the plea hearing, the court questioned McCloskey specifically to ensure that he knew that if he pled guilty, he could be sentenced up to the statutory maximum of 20 years and that he would be bound by his guilty plea even if he received mistaken advice from his attorney about his likely sentence. McCloskey affirmed that he understood. (ECF No. 153-1 at 11, 13, 16.)

It is well-established that a thorough colloquy cures any potential prejudice arising out of an attorney's mistaken advice regarding a likely sentence. *See, e.g., United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) ("we have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted"); *United States v. Mustafa*, 238 F.3d 485, 491 (3d Cir. 2001) ("Moreover, any alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum"); *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972) (per curiam) (holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence). As the court explained in *Mustafa*:

> We recognize that the maximum sentence authorized by law is often so extraordinarily long that few defendants other than "career criminals" plead guilty with the expectation that the maximum sentence applies to them. However, all that the law requires is that the defendant be informed of his/her exposure in pleading guilty. The law does not require that a defendant be given a reasonably accurate "best guess" as to what his/her actual sentence will be; nor could it, given the vagaries and variables of each defendant's circumstances and offending behavior. *See United States v. Cleary*, 46 F.3d 307, 311 (3d Cir. 1995).

238 F.3d at 492 n.5.

McClaskey's allegations of sentencing-related errors by DeRiso are also unavailing. The record reflects that DeRiso did, in fact, file objections to the PSI. (*See* ECF Nos. 46, 75.) DeRiso was replaced as counsel before the sentencing process was complete and, thus, did not have an opportunity to finish that process. In light of the substantial sentencing proceedings that occurred after DeRiso was replaced, McCloskey has not shown how his sentence may have been different due to any alleged deficient performance by DeRiso.

C. Alleged misconduct by Robinson

All the allegations against Robinson will be denied. McCloskey has not established any deficient performance by Robinson. The motion to withdraw guilty plea and the perjured affidavit were filed before Robinson was involved in the case. The government raised the obstruction of justice and acceptance of responsibility issues on June 5, 2012, several months before Robinson was appointed as counsel. (ECF No. 84.) There was nothing Robinson could have done to "unring the bell." The court of appeals, in fact, commended Robinson's decision to abandon that motion. There was no prejudice to McCloskey from Robinson's representation during the sentencing phase. Robinson was replaced by Dietz as counsel before McCloskey was sentenced. The court ultimately made numerous findings regarding sentencing factors, which were affirmed on appeal, and awarded McCloskey a substantial downward variance to 120 months imprisonment. McCloskey failed to allege how the outcome would have been better but for any alleged errors by Robinson.

D. Motion to withdraw guilty plea and affidavit

The allegations of ineffective assistance of counsel relating to the filing of the motion to withdraw the guilty plea and affidavit are more difficult and troubling. Counseling a client to commit perjury falls below any reasonable standard of professional legal performance. *See*

11

Pennsylvania Rule of Professional Conduct 3.3(a)(3) ("A lawyer shall not knowingly . . . (3) offer evidence that the lawyer knows to be false."). Because of the special protections historically provided criminal defendants, however, a lawyer cannot "refuse to offer the testimony of such a client where the lawyer reasonably believes but does not know that the testimony will be false." *Id.* at comment 9. It will be necessary, therefore, to fully understand the circumstances surrounding the creation and filing of the motion and affidavit.

McCloskey adequately pled prejudice because his advisory guideline range nearly doubled as a direct result of the motion and affidavit (from 135-168 months to 210-240 months). It is true that the court granted a substantial downward variance to an even lower sentence of 120 months. The court certainly considered the advisory guideline range, however, as the starting point and initial benchmark. *Gall v. United States*, 552 U.S. 38, 49 (2007). There is a reasonable probability that if McCloskey's starting range had been 135-168 months, his ultimate sentence may have been less than 120 months. "[W]hen the starting point for the § 3553(a) analysis is incorrect, the end point, i.e., the resulting sentence can rarely be shown to be unaffected." *United States v. Langford*, 516 F.3d 205, 217 (3d Cir. 2008). Any increase in actual jail time has Sixth Amendment significance. *See United States v. Cobb*, No. 09-733, 110 F. Supp.3d 591, 599-601 (D.N.J. 2015) (granting § 2255 motion because it was reasonably probable that defendant's sentence would have been lower if based on a different advisory guideline range, even though the court granted a downward variance in imposing the original sentence).

The court concludes that the existing record is not sufficient to resolve this issue. "[T]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Booth*, 432 F.3d at 545-46. The court must hold an evidentiary hearing if the record is inconclusive. *Id.* Attorney DeRiso was directly involved, as he filed the

motion and signed the affidavit as a witness. (ECF Nos. 83, 83-1.) McCloskey avers in an affidavit in support of his § 2255 motion that neither DeRiso nor James Love reviewed the motion or affidavit with him, he signed the affidavit as he was advised to do, and was never told that signing the affidavit could be seen as admitting that he lied to the court during his plea hearing. (ECF No. 150-1). DeRiso was called as a witness about the circumstances surrounding the motion to withdraw the guilty plea in court on January 2, 2013, but the motion was withdrawn before he testified. (ECF No. 150-8). The transcript of the hearing on September 4, 2012 (granting DeRiso's motion to withdraw as counsel) indicates that there may be factual disputes between McCloskey and DeRiso. (ECF No. 150-6).

In the government's response, the prosecutor suggests that DeRiso was "acting under directions from the petitioner"; had an ethical obligation to file the motion; and was placed in "a difficult position" with "little choice but to file the motion." (ECF No. 153 at 11-12). The government submitted no evidence and cited no legal authority to support these contentions. Instead, the government refers vaguely to "the entirety of the record" and McCloskey's persona as a sophisticated and experienced business person who is not a shrinking violet. *Id.* at 11. In his reply brief, McCloskey highlights the speculative inferences underlying the government's position.[3]

Accordingly, the court will conduct an evidentiary hearing for the limited purpose of understanding the circumstances surrounding the creation and filing of the motion to withdraw McCloskey's guilty plea and attached affidavit.

---

[3] McCloskey does not expressly deny the government's proposed inferences.

## IV. CONCLUSION

The § 2255 motion (ECF No. 149) is taken under advisement as to the allegations related to the filing of the motion to withdraw plea and attached affidavit and will be DENIED in all other respects. An evidentiary hearing will be held on August 3, 2017 at 10:00 a.m.

An appropriate order follows.

June 15, 2017 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID McCLOSKEY. | Criminal No. 09-225<br>Civil No. 16-987 |

## ORDER

AND NOW, this 15th day of June 2017, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that the § 2255 motion filed by David McCloskey (ECF No. 149) is taken under advisement as to the allegations related to the filing of the motion to withdraw his guilty plea and attached affidavit and is DENIED in all other respects. An evidentiary hearing will be held on August 3, 2017 at 10:00 a.m.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge